IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANITA POWELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3227-BK |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Pursuant to the parties' consent to proceed before the magistrate judge (Doc. 24), this case has been transferred to the undersigned for final ruling. For the reasons discussed herein, Plaintiff's *Motion for Summary Judgment* (Doc. 23) is **DENIED**, Defendant's *Motion for Summary Judgment* (Doc. 25) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

### I.  BACKGROUND[1]

**A.     Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). In November 2009, Plaintiff filed for benefits, claiming that she has been disabled since January 2008, due to back and hip pain. (Tr. 8, 96-99, 141). Her application was denied at all administrative levels, and she timely appealed to this Court pursuant to 42 U.S.C. § 405(g). (Tr. 1-3, 9-17, 46-63).

---

[1] The following background comes from the transcript of the administrative proceedings, which is designated as "Tr."

B.  **Factual History**

On the date of her administrative hearing, Plaintiff was 24 years old with a high school education and past relevant work as a childcare provider, waitress, and cashier. (Tr. 22-23, 27). In April 2010, Plaintiff had a consultative physical exam with Dr. Cecilier Chen. (Tr. 211). Plaintiff told Dr. Chen that she had experienced hip pain since the year 2000, and was in five car accidents between 2001 and 2009. (Tr. 211). Plaintiff advised that she was treated by a chiropractor for her pain and given physical therapy and orthopedic shoes, but her pain persisted. (Tr. 211). Plaintiff also reported to Dr. Chen that she had experienced lower back pain since 2000 that lasted for 30 minutes to an hour each time and made her unable to turn. (Tr. 211).

Dr. Chen's musculoskeletal exam revealed that Plaintiff had no weakness, muscle wasting, or swelling, and Plaintiff walked without the aid of an assistive device. (Tr. 212). Further, Plaintiff's spinal column was normal, she had no pain or muscle spasms, and she exhibited no neck tenderness. (Tr. 212). Plaintiff also had full range of motion and strength in her extremities with no radiating pain, and she had no tenderness or swelling in her hips. (Tr. 213). Plaintiff was able to heel walk, sit, stand, and tandem walk, and she also could squat and toe walk, although she complained of pain when doing the latter activities. (Tr. 213). An x-ray of Plaintiff's lower back revealed no abnormalities. (Tr. 214).

During her routine gynecological and obstetrics examinations, Plaintiff did not complain of any hip or back pain. (Tr. 236-39). In October 2010, Plaintiff went to the hospital with complaints of back pain, where she noted a history of such pain which had recently been exacerbated when Plaintiff fell down three stairs. (Tr. 256). On examination, Plaintiff had a full range of motion, normal reflexes, a negative straight-leg raise test, and no swelling or bruising.

(Tr. 257).

C. **Administrative Hearing Testimony**

At her administrative hearing, Plaintiff appeared *pro se* and testified that she could not bend or pick up heavy objects, and she treated her pain with a heating pad or an ice pack and took a prescription pain medication that she was given after her October 2010 fall. (Tr. 25). She was able to bathe, groom, and dress herself, except that she needed assistance putting on her shoes. (Tr. 28). Plaintiff testified that her cousin helped her care for her one-year-old child, but Plaintiff was able to cook for her family. (Tr. 29-30). She stated that she could walk for at least 35 minutes and sit and stand for 20 minutes. (Tr. 30-31).

D. **The ALJ's Findings**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her onset date and was impaired by back pain. (Tr. 10). Nevertheless, at step two of the five-step sequential evaluation process, the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments, and the sparse medical evidence did not support that she had pain to the degree she alleged. (Tr. 10-12). In making that finding, the ALJ noted that Plaintiff was able to care for her two children, cook, and do some cleaning. (Tr. 12). The ALJ also pointed to medical evidence in the record indicating that Plaintiff's physical examinations were largely normal, and she rarely complained of back pain. (Tr. 12).

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C.

§ 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(a)(4), 416.920 (a)(4).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C.

§§ 405(g), 1383(C)(3).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion.  *Leggett*, 67 F.3d at 564.  Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

### III. ARGUMENTS AND ANALYSIS

Liberally construing her brief, Plaintiff, who is appearing *pro se*, argues that she was forced to waive her right to an attorney at the administrative level because of her financial situation. (Doc. 23 at 3); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings).  She also argues that the medical evidence in the record supports her claim for disability benefits.  *Id.*

Defendant first urges the Court to reject Plaintiff's argument that she was forced to forego counsel because she was repeatedly advised that she could obtain free legal services, and she voluntarily chose to proceed *pro se*.  (Doc. 25 at 5, n.5).  Defendant next contends that the ALJ properly found that Plaintiff's hip and back impairments were not severe because the medical record demonstrated that those impairments did not impede her ability to work.  *Id.* at 5-6, 8.  Defendant notes that (1) Plaintiff did not seek medical care or take medication during 2008, the year she alleged her back pain commenced, (2) she never reported back pain while she was pregnant in 2009, and (3) her consultative exam revealed no abnormalities.  *Id.* at 6-7.

As an initial matter, Plaintiff's allegation that she was forced to represent herself is meritless.  Plaintiff received at least two detailed notices informing her that she may be able to obtain free legal services and providing a list of organizations that represented Social Security

claimants. (Tr. 71-75, 83-84). Further, the ALJ reminded Plaintiff of her right to have a representative at the administrative hearing, but Plaintiff stated that she wished to waive that right. (Tr. 19-21). Thus, Plaintiff validly consented to proceed without representation. *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (concluding that the four written notices Castillo received, along with the ALJ's reminder to Castillo at the hearing of her right to counsel, sufficiently informed her of her right to an attorney).

Next, the ALJ's determination that Plaintiff's impairments were not severe is supported by substantial evidence. *See Greenspan*, 38 F.3d at 236. An impairment is not severe "if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The mere mention of an impairment in the medical record does not establish that the claimant is disabled. *See Hames v. Harper*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, the claimant must show that she is so functionally impaired by the impairment that she is precluded from engaging in any substantial gainful activity. *Id.*

As Defendant points out, there is very little medical evidence in the record despite the Commissioner compiling all of the known documents. Dr. Chen's examination of Plaintiff is the most detailed analysis of her back and hip problems, and he noted that Plaintiff had no weakness, muscle wasting, swelling, pain, muscle spasms or swelling in her back. (Tr. 212). Moreover, Plaintiff's range of motion was unaffected by her alleged pain, she had full strength in her arms and legs, and her x-ray was normal. (Tr. 212-13). Although Plaintiff subsequently went to the hospital after a fall, at that time she exhibited a full range of motion, normal reflexes, a negative

straight leg raise test, and she had no swelling or bruising. (Tr. 256-57). This evidence supports the ALJ's decision because it demonstrates that Plaintiff was not so functionally impaired by her back and hip pain that she was precluded from engaging in any substantial gainful activity. *Hames*, 707 F.2d at 165. The ALJ's decision is further supported by Plaintiff's testimony that she was able to care for her personal needs, cook meals for her family, and walk for 35 minutes. (Tr. 28-31).

The ALJ also was permitted to consider Plaintiff's lack of need for medical treatment in evaluating her condition. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (stating that ALJ was not precluded from relying upon the claimant's lack of treatment as an indication of non-disability). Thus, substantial evidence supports the ALJ's determination that Plaintiff's failure to seek medical treatment for her back and hip pain was indicative of her not being disabled.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment* (Doc. 23) is **DENIED**, Defendant's *Motion for Summary Judgment* (Doc. 25) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on May 25, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE